UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:04-CR-40 |
| | § | |
| RAUL CASTILLO-ROBLES | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed March 28, 2008, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on May 12, 2005, before The Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of illegal re-entry after deportation, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment

range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months.  Defendant was subsequently sentenced to 18 months imprisonment followed by three years supervised release subject to the standard conditions of release, plus special conditions to include immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. Section 1101, et. seq.  If ordered deported, the defendant shall remain outside of the United States.  In the even the defendant is not deported, the defendant shall comply with all conditions of supervised release, and a $100 special assessment.

## II.  The Period of Supervision

On June 25, 2005, defendant completed his period of imprisonment and began service of the supervision term.  After the defendant completed his 18 month term of imprisonment, he was surrendered to the Immigration Department, and on June 25, 2005, was deported.  On December 13, 2006, he illegally re-entered the United States and was deported on February 8, 2007.  On April 14, 2008, the defendant illegally re-entered the United States and was detained on the instant offense warrant for motion to revoke his supervision.

### III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on March 28, 2008. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Standard Condition: | Defendant shall work report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| Special Condition: | As a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. Section 1101, et. seq. If ordered deported, the defendant shall remain outside the United States. In the even the defendant is not deported, the defendant shall comply with all conditions of supervised release. |

As grounds, the petition alleges that defendant illegally re-entered the United States on December 13, 2006, and was again deported to Mexico on February 8, 2007. There is no record that he ever reported to any U.S. Probation Office or submitted any type of documentation. The petition further alleges that defendant failed to remain outside of the United States by re-entering the United States on December 13, 2006, after being deported.

## IV. Proceedings

On June 2, 2008, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by failing to remain outside the United States after deportation. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose five (5) months imprisonment with no supervised release thereafter. Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing remain outside the United States.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to Title 18 U.S.C. § 3583(g)(3), if a defendant refuses to comply with drug testing imposed as a condition of supervised release, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).  The defendant's statutory maximum term of imprisonment is 24 months.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervised release by illegally re-entering the United States on December 13, 2006, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of

supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a special condition of supervised release by illegally re-entering the United States on December 13, 2006. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violation is a Grade C violation with policy guidelines suggesting 5 to 11 months imprisonment upon revocation.

**Conclusion and Justification:**

Defendant has demonstrated inability to adhere to conditions of supervision. Specifically, defendant did not comply with conditions of his supervision by illegally re-entering the United States on December 13, 2006. Further, defendant has illegally re-entered the United States on several occasions, the most recent of which occurred on April 14, 2008 when he was arrested for the outstanding warrant issued in the offense before the court. As such, revocation of supervised release and incarceration appropriately address defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a special condition by illegally re-entering the United States on December 13, 2006, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of five (5) months with no supervised release thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this __5__ day of June, 2008.

_____
Earl S. Hines
United States Magistrate Judge